**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**GILBERTO ALICEA,**
            **Petitioner,**


**v.**                                                    **Civil Action No. 3:17-CV-13**
                                                          **(GROH)**


**JENNIFER SAAD,**
            **Respondent.**


## REPORT AND RECOMMENDATION

### I. INTRODUCTION

The Petitioner is a federal inmate incarcerated at FCI Gilmer in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on February 7, 2017, pursuant to 28 U.S.C. § 2241, seeking as relief that his federal and state sentences be imposed concurrently. ECF No. 1[1] at 8.

On April 18, 2017, Petitioner paid the $5.00 filing fee. ECF No. 8. On May 3, 2017, this Court entered an Order to Show Cause which directed the respondent to show cause why the writ should not be granted. ECF No. 9. On July 7, 2017, Respondent timely filed[2] a Motion to Dismiss, or in the Alternative Motion for Summary Judgment and a memorandum in support thereof. ECF Nos. 18, 19. On July 11, 2017,

---

[1]   ECF Numbers cited herein refer to case number 3:17-CV-13 unless otherwise noted.

[2]   Respondent filed two motions for extensions of time [ECF Nos. 12, 15] both of which were granted [ECF Nos. 13, 16].

this Court issued the Plaintiff a <u>Roseboro</u> notice.  ECF No. 20.  On July 31, 2017, Petitioner filed his Response to Respondent's Motion to Dismiss.  ECF No. 22.

On October 10, 2017, Petitioner filed a Motion for Default Judgment and a Motion for a Hearing.  ECF No. 23.

This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915A and Local Rule of Prisoner Litigation Procedure 2.

## II.  FACTUAL AND PROCEDURAL HISTORY

On November 13, 2007, while Petitioner was on parole in Pennsylvania, he committed two counts of manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance, one count of receiving stolen property, and two counts related to the unlawful possession of a firearm by a convicted felon in York County, Pennsylvania.  ECF No. 19-1 at 2, 12.  Petitioner was charged in state court with those offenses and arrested on November 14, 2007.  <u>Id.</u> at 14, 35.  On January 9, 2008, the Pennsylvania Board of Probation and Parole detained Petitioner pending disposition of his criminal charges.  <u>Id.</u> at 19.  On June 24, 2008, the United States Marshals Service obtained custody of Petitioner to answer the charge of being a felon in possession of a firearm.  <u>Id.</u> at 21.  On October 15, 2008, Petitioner was sentenced to incarceration for 78 months following his plea of guilty in the Middle District of Pennsylvania, to being a felon in possession of firearms, which offense occurred on November 13, 2007.  ECF No. 19-1 at 21; M.D.Pa. 1:08-CR-237 ECF No. 29.[3]  The judgment entered therein does not contain any recommendation[4] that

---

[3]  The information taken from Petitioner's criminal docket in the United States District Court for the Middle District of Pennsylvania, case number 1:08-CR-237, is available on PACER.  <u>Philips v. Pitt County Memorial Hosp.</u> 572 F.2d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of

2

Petitioner's federal and state sentences should be served concurrently.  ECF No. 19-1 at 24; M.D.Pa. 1:08-CR-237 ECF No. 29 at 2.   Following his October 15, 2008 sentencing hearing, Petitioner was returned to state officials.  ECF No. 19-1 at 22.

Based on his conviction in federal court for being a felon in possession of a firearm, on December 1, 2008, the Pennsylvania Board of Probation and Parole recommitted Petitioner to a state correctional facility to serve 18 months of backtime, based on his conviction and "early failure on parole."  Id. at 32.

In state court on December 29, 2008, Petitioner entered a guilty plea to the drug offenses and receiving stolen property charge; the firearm charges were dismissed by *nolle prosequi*.  ECF No. 19-1 at 13.  On that same date, Petitioner was sentenced in state court to not less than four years and six months and not more than nine years of incarceration.  Id. at 13, 35.  The York County, Pennsylvania Court of Common Pleas records submitted by Respondent indicate that the sentences for Petitioner's three state convictions were to be served concurrently.  Id. at 13.  Petitioner received credit on his state sentence beginning on the date of his arrest, November 14, 2007, through December 28, 2008.  Id. at 35.

Following his conviction in state court for two counts of possession with intent to deliver controlled substances and receiving stolen property, on January 15, 2009, the Pennsylvania Board of Probation and Parole again recommitted Petitioner to a state correctional facility to serve 18 months of backtime, based on his conviction.  ECF No. 19-1 at 43.  On May 8, 2009, Petitioner was transferred by Pennsylvania authorities to the custody of the United States Marshals Service, before he completed serving his

---

public record"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.' ")
    [4]  The judgment makes three recommendations to BOP that Petitioner be: (1) considered for the Residential Drug Abuse Program ("RDAP"); (2) confined near Harrisburg, Pennsylvania; and (3) considered for counseling as deemed appropriate by BOP.  ECF No. 19-1 at 25.

3

Pennsylvania sentence.  Id. at 48.  That transfer was made in error; on June 17, 2009, Petitioner was ordered returned to Pennsylvania custody.  Id.  On June 29, 2009, Petitioner was transferred back to Pennsylvania custody and his federal judgment was lodged as a detainer.  Id. at 21, 22.

On July 22, 2010, Petitioner was granted Parole by the Pennsylvania Board of Probation and Parole.  Id. at 46.  Petitioner was paroled on August 24, 2010, and on August 25, 2010 began to serve his state drug trafficking sentences.  Id. at 35.

On September 9, 2013, BOP received a letter from Petitioner which requested that his federal sentence be computed to run concurrently with his state sentence.  Id. at 50 – 51.  On October 4, 2013, a BOP official sent a letter to the Chief Judge of the Middle District of Pennsylvania inquiring whether the presiding judge there would like to comment on the appropriateness of a retroactive designation of concurrency to his state and federal sentences[5].  Id. at 53 – 54.

On December 11, 2013, having received no response from the District Court which sentenced Petitioner, BOP performed an analysis of the factors under 18 U.S.C. § 3621(b) which would permit retroactive designation of concurrency to Petitioner.  Id. at 56.  The final determination as a result of that analysis was a denial of Petitioner's request.  Id.

On October 28, 2013, the Pennsylvania Board of Probation and Parole granted Petitioner parole on his state drug trafficking convictions, with such parole to be granted on or after March 10, 2014.  Id. at 58.  On March 13, 2014, Petitioner was released by Pennsylvania officials to the custody of the United States Marshals Service pursuant to

---

[5] Respondent's declaration of Deborah Colston notes that, "[p]ursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the BOP considered Alicea's request as a nunc pro tunc retroactive designation to the state facility for service of his federal sentence, in accordance with 18 U.S.C. § 3621(b)."  ECF No. 19-1 at 4.

federal detainer.  Id. at 61.   BOP officials calculated that Petitioner's sentence commenced on March 13, 2014, but granted him 55 additional days of credit for the date he was arrested, November 13, 2007, and for the period from May 6, 2009 through June 28, 2009, when he was erroneously released to federal authorities.  Id. at 65.

All other dates from Petitioner's arrest on November 13, 2007, until his release to federal authorities on March 13, 2014, were credited toward Petitioner's state sentence. Id. at 35 – 41.

Petitioner, who was prosecuted simultaneously in state and federal courts, asserts two grounds for relief.  First, he alleges that, pursuant to an agreement, his sentences imposed in state and federal court were to be imposed concurrently, but that the Bureau of Prisons ("BOP") has failed to honor that agreement and instead calculated his sentence without granting him credit for time he served in state custody. ECF No. 1 at 5.  Second, Petitioner alleges that BOP was negligent in its failure to recognize the concurrency of his state and federal sentences, which he alleges arose from the same date, November 13, 2007.[6]  Id. at 6.

Petitioner exhausted his administrative remedies through the Bureau of Prisons, which denied his internal grievances.  Id. at 7.  Petitioner requests that this court "run [his] federal and state time concurrent."  Id. at 8.  He also asks the court to award him "financial compensation" and immediate release from custody.  Id.

---

[6]  Petitioner concedes that the offenses of which he was convicted did not arise from the same transaction or occurrence.  ECF No. 1 at 2.  Petitioner was convicted in state court of possession with intent to deliver a controlled substance and receiving stolen property, and convicted in federal court of the felon in possession of firearms offense.  Id.

### III.  STANDARD OF REVIEW

**A.   Pro Se Litigants.**

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

---

[7]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

**B.   Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  *Thus, to* survive a motion to dismiss, a

plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through §

8

2255.  It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241."  Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (internal citations omitted).  "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion."  In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc) (internal citations omitted).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit established a three-part test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

"Under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law."  Rice, supra, 617 F.3d at 807.

Whereas a federal prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court where he was convicted, by contrast, a prisoner seeking to challenge the execution of a sentence must proceed under 28 U.S.C. § 2241 in the district where the prisoner is incarcerated.

> Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs. Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence. *See Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997). Section 2241 by contrast is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004) (emphasis in original) (Cited by Gewin v. United States, 2007 WL 2407066 (N.D.W.Va. Aug. 20, 2007); Leeson v. Saad, 2016 WL 2636302 (N.D.W.Va. May 6, 2016); Jackson v. O'Brien, 2015 WL 4389561 (N.D.W.Va. July 17, 2015); and Cox v. O'Brien, 2015 WL 75055 (N.D.W.Va. Jan. 6, 2015)).

## IV.    ANALYSIS

Petitioner's two grounds for relief both concern whether his state and federal sentences should be imposed concurrently to one another.  Because both claims relate to how his sentence should be executed, they are properly considered in a petition filed under § 2241.  Additionally, Petitioner has properly filed this action in the district where he is incarcerated.

In Petitioner's first claim for relief he alleges that BOP has failed to properly calculate his sentence when it failed to impose his state and federal sentences concurrently, by "breach" of the "state sentencing judge's contract".  ECF No. 1 at 5.  In Petitioner's second claim for relief he alleges that BOP's failure to grant concurrency between his state and federal sentences was negligent.  Id. at 6.  Neither of Petitioner's arguments is persuasive.

### A.    The BOP Properly Calculated Petitioner's Sentence

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."   United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992).  The calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585 which provides that:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Petitioner argues that BOP improperly calculated his sentence when it failed to impose his federal and state sentences concurrently, however, he does not cite any statute or rule which supports his argument.  Moreover, Petitioner does not cite any

document in the record which demonstrates that there was ever a recommendation to the District Court that Petitioner's sentence should be served concurrently with his state sentence.  Instead Petitioner claims that the BOP breached an agreement entered into by the state court.  As support for his claim, Petitioner submitted a document from the York County, Pennsylvania Court of Common Pleas which appears to be an excerpted transcript in which the Assistant District Attorney described Petitioner's status, as having "been sentence[d] federally and received a 78-month sentence on the firearm."  ECF No. 22-2.  The district attorney further described the state plea agreement as "four and a half to nine years to run concurrent with his federal sentence."  Id.  However, the excerpt is a single page which does not contain the court's ruling, occurred after the federal court had already imposed sentence and most importantly, is not binding upon the federal district court.

A review of the statute and procedure followed by BOP demonstrates that BOP properly calculated Petitioner's sentence, and that the petition for habeas corpus is without merit.

Pursuant to 18 U.S.C. § 3585(a), Petitioner's sentence was to commence "on the date the defendant is received in custody."  The Fourth Circuit recognized in United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998), that, "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence."  The Fourth Circuit further explained:

> When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.  *See Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir.1990); 18 U.S.C. § 3621(b) (vesting designation authority in the Bureau of Prisons).

12

Id. at 911 – 12.  Accordingly, consistent with 18 U.S.C. § 3585 and the holding of the Fourth Circuit in Evans, the BOP properly calculated Petitioner's sentence to commence on the date he was received into federal custody, March 13, 2014[8].

### B.   BOP Was Not Negligent in Calculating Petitioner's Sentence

Petitioner claims the BOP was negligent in calculating his sentence without granting him concurrency with his state sentence, however, Petitioner again cites no authority to support his claim.  The applicable federal law is unhelpful to Petitioner:

> Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.**

18 U.S.C.A. § 3584(a) (emphasis added).  The judgment entered by the Middle District of Pennsylvania District Court Judge on October 15, 2008 was for 78 months of incarceration. ECF No. 19-1 at 24 – 25; M.D.Pa. 1:08-CR-237 ECF No. 29 at 1 – 2.  That judgment did not include any recommendation that Petitioner's sentence should be served concurrently with any state or federal sentence.  Two months after Petitioner

---

[8]   Respondent notes that Petitioner "has not alleged or established that his federal sentence should have begun when he was borrowed or mistakenly released to federal authorities."  ECF No. 19 at 8.  However, Respondent argues that because Petitioner was first arrested by state authorities, he remained in the primary custody of those state authorities, on the principle established in Van v. Williams that the first sovereign to arrest an individual obtains primary and exclusive jurisdiction over that person. Id. at 7. Citing Van v. Williams, 2016 WL 1444590 at *4 (N.D.W.Va. Mar. 16, 2016) (quoting United States v. Warren, 610 F.2d 680, 684 – 85 (9th Cir. 1980) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority."))

was sentenced in federal court, on December 29, 2008, he was sentenced in state court. ECF No. 19-1 at 11- 17. That sentence was imposed subsequent to his federal sentence, and the agreement reached in that court was not binding upon the federal court. Moreover, 18 U.S.C. § 3584(a) expressly provides that sentences imposed "at different times run consecutively unless the court orders that the terms are to run concurrently."

Petitioner's claims are not supported by either the facts or the law. Accordingly, he has not stated a claim upon which relief can be granted this matter is appropriate for dismissal with prejudice.

### C.    Petitioner's Motion for Default Judgment is Without Merit

Petitioner filed a Motion for Default Judgment on October 10, 2017, claiming that the Court-issued Roseboro notice directed him to file a response to the motion for summary judgment, and the Respondent to file a reply within 14 days, and that the Respondent's failure to file such a reply constituted default. "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). The Roseboro notice issued by this Court provided:

> The Petitioner's Response to the Motion for Summary Judgment shall be filed within twenty-one (21) days, and shall not exceed twenty-five (25) pages. It is further ORDERED that the Respondent's Reply, **if any**, shall be filed within fourteen (14) days of the docketing of Petitioner's Response and shall not exceed fifteen (15) pages.

ECF No. 20 at 2 (emphasis added). A clear reading of this order is that the Respondent had the option to reply, but any reply was required to be filed within 14 days of the

docketing of Petitioner's response.  Petitioner has not established a claim or right to relief that satisfies the court, and accordingly, his motion is without merit.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition [ECF No. 1] be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

It is also **RECOMMENDED** that Respondent's Motion to Dismiss [ECF No. 18] be **GRANTED**.  It is further **RECOMMENDED** that Petitioner's Motion for Default Judgment [ECF No. 23] be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:        November 14, 2017


/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE