**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GILBERTO ALICEA,**

Petitioner,

v.                          **CIVIL ACTION NO.: 3:17-CV-13
(GROH)**

**JENNIFER SAAD, Warden,**

Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge James E. Seibert on November 14, 2017. ECF No. 24. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of an R&R. Therein, Magistrate Judge Seibert recommends that this Court grant the Respondent's Motion to Dismiss, deny the Petitioner's Petition and dismiss the same with prejudice. The Petitioner timely filed objections to the R&R on December 8, 2017. ECF No. 27. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On February 7, 2017, Gilberto Alicea ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner argued that the "BOP breached state sentencing Judge's contract in regard to [four and a half to nine] year concurrent sentencing term that is relevant to the [seventy-eight] month

Federal conviction. ECF No. 1 at 10. The Petitioner also claims that the BOP was negligent in failing to honor "the relevancy of the state and federal cases." Id. at 11. On July 7, 2017, the Respondent filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 18. Thereafter, Magistrate Judge Seibert entered a Roseboro notice [ECF No. 20], and the Petitioner filed a response on July 31, 2017. ECF No. 22.

On November 14, 2017, Magistrate Judge Seibert entered an R&R. ECF No. 24. Thereafter, the Petitioner filed a motion for an extension of time to object [ECF No. 26], on December 4, 2017. Four days later, the Petitioner timely filed objections [ECF No. 27] because it had been less than fourteen days from the date he received Magistrate Judge Seibert's R&R. See ECF No. 25.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

In November 2007, while on parole in Pennsylvania, the Petitioner was arrested for manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance, receiving stolen property and unlawful possession of a firearm by a convicted felon. Ultimately, the Petitioner pled guilty to the firearm charge in federal court and the remainder of the charges in state court (in Pennsylvania). Thereafter, the Petitioner received sentences from the State of Pennsylvania on the new charges, from the parole board for receiving the new charges while on parole, and from the District Court for the Middle District of Pennsylvania. The Petitioner filed this action seeking a writ to Order that the BOP run his state and federal sentences concurrently.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v.

Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

## III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in his § 2241 petition and response to the Respondent's motion to dismiss. Indeed, using the Petitioner's own words, "Petitioner Alicea[ ] is objecting to the entire Report and Recommendation . . . ." ECF No. 27 at 2. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Seibert's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 24] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, the Respondent's Motion to Dismiss [ECF No. 18] is hereby **GRANTED**, and the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED WITH PREJUDICE**.

The Petitioner's Motion for Default Judgment [ECF No. 23] and Motion for Extension of Time [ECF No. 26] are **DENIED**. The Clerk is **DIRECTED** to enter judgment for the Respondent.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** January 29, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE